UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-cr-0096-SEB-TAB-14 |
| | ) | |
| CHRISTY N. WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 21, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 4, 2016. Defendant Walker appeared in person with her appointed counsel William Dazey. The government appeared by Brad Blackington, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Walker of her rights and provided her with a copy of the petition. Defendant Walker waived her right to a preliminary hearing.

2. After being placed under oath, Defendant Walker admitted violations 1, 2, 3, 4, and 5. [Docket No. 918.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall participate in a program of mental health treatment as directed by the probation officer."** |

The offender was referred to Midtown Community Mental Health in October 2015 where she commenced therapy. She was attending as directed until she cancelled her appointment for January 27, 2016; subsequent attempts by the therapist to contact the offender were unsuccessful. The offender last met with the Nurse Practitioner for medication on January 20, 2016. The probation officer did not excuse the offender from attending therapy.

| | |
|---|---|
| 2 | **"The defendant shall notify the probation officer prior to any change in residence or employer."** |
| 3 | **"The defendant shall permit a probation officer to visit her at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer."** |

On February 25, 2016, the probation officer attempted to conduct a home visit at the offender's residence, Room 112 at the Hilltop Motel, Franklin, Indiana, and was advised the offender no longer resided there. The probation left a voice message on the offender's mobile

The probation officer did not give the offender permission to associate with any of the convicted felons and or codefendants noted above. Telephone logs and sample emails sent from the offender are available for the Court's review.

| | |
|---|---|
| 4 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| 5 | **"The defendant shall not meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity, or whom the defendant knows to have been convicted of a felony, unless granted permission to do so by the probation officer."** |

On November 2, 2015, the offender was released from the VOA and was granted permission to move in the Ryan Mason, 1827 Newton Street, Columbus, Indiana, with the understanding that no other residents lived there. On November 15, 2015, the probation officer observed a wrecker parked in front of the residence which the probation officer determined was

>driven by Aaron J. Williams.  Mr. Williams was convicted of Theft (03D01-0305-FD-801), Theft (03D01-0612-FD-2221), and Burglary (03D01-0203-FC-342).  On November 22, 2015, the probation officer observed the same wrecker in front of the offender's residence.  The probation officer called the offender and asked if she had any other roommates (besides Ryan Mason) and asked if she was dating anyone; she responded "No" to both inquiries.  The probation officer asked the offender what she was doing, and she advised she was watching a movie by herself.  The probation officer promptly arrived at the residence and asked if anyone else was in the residence and she stated, "No."  The probation officer asked where Mr. Williams was, and the offender stated he had just left.  Mr. Williams was found to be hiding in the bathroom.  They were instructed to have no further contact with each other.  On December 17, 2015, the probation officer observed a wrecker driven by Aaron Williams in front of the offender's residence again.  Upon further investigation, the probation officer determined Mr. Williams resided at the same address as the offender.  The probation officer called the offender and asked if anyone resided with her and Ryan Mason, and she replied that only Ryan's girlfriend Katie, resided there.  Once confronted, the offender then admitted Mr. Williams stayed at the residence.  The offender moved to the Hilltop Motel the following day.  On December 22, 2015, the probation officer observed the offender arrive at the Hilltop Motel in a vehicle driven by Aaron Williams. She has continued to have frequent contact with Mr. Williams as reflected by her posts on facebook.
>
>The offender has had contact with numerous other felons, while on supervised release, via facebook messages, by text messages, by correspondence addressed to inmates, and in person.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended a sentence of 4 months in the custody of the Federal Bureau of Prisons with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that

3

her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of 4 months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 4/26/16

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal